IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEWAYNE DAVIS, (TDCJ-CID #1246834) Petitioner, vs. RICK THALER, Respondent. | § § § § § § § § § § § | CIVIL ACTION H-12-2532 |

## MEMORANDUM AND OPINION

The petitioner, Dewayne Davis, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his 2004 state conviction for injury to a child. For the reasons set forth below, this suit is dismissed because Davis filed it too late.

### I. Background

In the 230th[1] Judicial District Court of Harris County, Texas, a jury found Davis guilty of the felony offense of injury to a child. (Cause Number 965578). On May 12, 2004, the jury sentenced Davis to a 55-year prison term. The Fourteenth Court of Appeals affirmed Davis's conviction on November 3, 2005. Davis did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

Davis indicates that he filed an application for state habeas corpus relief on June 25, 2012. The Texas Court of Criminal Appeals denied the application on July 1, 2012. (Docket Entry No. 1, Federal Petition, pp. 3-4). On-line research reveals that Davis did not file a state habeas application

---

[1] Though Davis states that he was convicted in the 339th Judicial District Court of Harris County, Texas, on-line research shows that he was convicted in the 230th Judicial District Court of Harris County, Texas.

in the 230th Judicial District Court of Harris County, Texas or in the Texas Court of Criminal Appeals. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us.

On July 18, 2012, this court received Davis's federal petition. The threshold issue is whether the petition is time-barred.

**II.   Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. A district court may dismiss a habeas petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Before dismissing a petition as untimely, the court must give the parties fair notice and an opportunity to present their positions. *Day v. McDonough*, 547 U.S. 198 (2006). In an order entered on September 11, 2012, this court ordered Davis to file a written statement by October 22, 2012, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 8). Davis has not filed a response.

The AEDPA provides in part as follows:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

                    of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under this statute, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Davis's conviction became final when the time expired for filing a petition for discretionary review in the Texas Court of Criminal Appeals. The First Court of Appeals affirmed Davis's conviction on November 3, 2005, giving Davis 30 days, or until December 3, 2005 to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Davis did not file a petition for discretionary review. Absent tolling, the one-year limitations period would end on December 3, 2006. Davis waited until July 18, 2012, before filing his federal petition. His claims are time-barred unless he can show that a statutory or equitable exception applies.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2) (West 1997). Even assuming that Davis did file a state habeas application, it did not

toll the limitations period because Davis filed it well after the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The AEDPA's one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied*, 529 U.S. 1057 (2000); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S. Ct. 504 (1999); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's pro se status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins*, 956 F.2d

115, 118-19 (5th Cir. 1992) (holding that neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher*, at 715 n.14.

Nor does Davis satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Davis from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Davis's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Davis's claims relate to the trial on May 12, 2004. Davis has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Davis's federal petition was filed too late for consideration on the merits.

## III.    Conclusion

Davis's challenges to his 2004 conviction are dismissed as time-barred. This case is dismissed. Any remaining pending motions are denied as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Davis has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find

it debatable whether this court was correct in its procedural ruling. This court will not issue a certificate of appealability.

SIGNED on October 23, 2012, at Houston, Texas.

                                            Lee H. Rosenthal
                                       United States District Judge